## J. L. WILSON *v.* J. B. HORNE et al.

1. EVIDENCE: PAROL EVIDENCE TO EXPLAIN WRITINGS: LATENT AMBIGUITY.—A written memorandum signed by the plaintiff, stating that a sum therein specified "is good as an offset to plaintiff's claims against defendant," presents a case of latent ambiguity, if it appear that the plaintiff had more claims than one against the defendant; and under such circumstances, parol evidence is admissible to show, to which of said several claims the parties intended that the set-off should be applied.

2. SAME.—A claim against a partnership, is also a claim against each individual composing the firm; and hence, is embraced in the terms of a written memorandum given to one of the members of a firm, stating that a sum of money therein mentioned is a good set-off to "claims against him;" and, in such a case, if it appear that the person giving the memorandum held a claim against that member of the firm individually, and also against the partnership, it will be competent to show by parol evidence, that it was intended by the parties that the set-off should be applied to the claim against the partnership.

3. HIGH COURT: NEW TRIAL: WHEN GRANTED WHERE THERE IS CONFLICT IN EVIDENCE.—This court will rarely, if ever, set aside a verdict, the propriety of which depends upon the credit to which the witnesses are respectively entitled. But a new trial will be granted, where there is a direct conflict in the testimony upon the main fact in issue, if there be other facts and circumstances in evidence, about which there is no dispute, and which clearly show that the verdict is wrong.

ERROR to the Circuit Court of Hinds county.  Hon. John Watts, judge.

*D. Shelton*, for plaintiff in error,
Relied upon 9 S. & M. 214; 7 Ib. 346; Ib. 622; 8 Ib. 234; Ib. 473, to show that the parol evidence to contradict the memorandum given by Wilson to Horne, was inadmissible.

*George L. Potter*, for defendants in error,
Cited, to show the admissibility of the parol evidence, the following: 2 Phil. Ev. (C. and H.'s notes), 214, 215, *et seq.*; 1 Greenl. Ev. § 279.

HANDY, J., delivered the opinion of the court.
This action was brought by the plaintiff to recover the amount of a promissory note made by the defendants, Horne, James A. S. Henderson, and James Henderson for $3337 50, payable to the plaintiff on the 1st January, 1857, on which were indorsed the following credits : January 17th, 1857, $800; and on the 7th February, 1857, $400.

The defendants pleaded, 1st, The general issue ; and 2d, payment and set-off, with which was filed a bill of particulars setting up the credits indorsed on the note as above, and the payment of $1525 on the 14th January, 1857, for the purchase of certain slaves by the plaintiff from the defendant Horne, as per receipt filed with the plea marked Exhibit A., and $407 30 paid on the 1st October, 1857, as per Exhibit B.

On the trial, the plaintiff read the note sued on and the credits indorsed as above stated, and rested his case.  The defendants then offered in evidence a written instrument as follows,—being Exhibit A. referred to in the bill of particulars to his plea,—after proving its execution by the plaintiff :—

" This amount of fifteen hundred and twenty-five dollars, the amount agreed to be paid for a woman and two children, is good as offset to my claims against him, the said J. B. Horn.

"J. L. WILSON.

"January 14th, 1857."

To the reading of this paper, the plaintiff objected; his objection was overruled, and he excepted.

The defendant also read Exhibit B. to his bill of particulars, as follows :—

"Memorandum of settlement made up to first of October, 1856" (intending 1857), "between J. L. Wilson of one part, and Horn and Henderson of the other ; the said Horn and Henderson are to receive a credit of four hundred, seven dollars, thirty cents on their joint note· with James Henderson associated, due 1st · January, 1857, leaving a balance of nineteen hundred dollars due on said 1st October, 1857.

                                                  " J. L. WILSON.
    " January 26th. 1858."

The defendant then introduced Gassaway, as a witness, to prove that it was agreed, as witness understood, between plaintiff and Horne, at the time the plaintiff purchased of Horne the slaves referred to in Exhibit A., that the sum of $1525, therein mentioned, was to be applied as a credit on the note sued on in this action. It was also proposed to prove the same fact by the defendant Horne. The plaintiff objected to the introduction of this testimony, but the court overruled his objection, and he excepted. And these witnesses then testified that such was the agreement between the plaintiff and Horne when the slaves referred to in the exhibit were purchased, by the plaintiff from Horne.

The first ground of error relied on is, that the court overruled the plaintiff's objection to this testimony, and also his motion to exclude it from the jury after it had been admitted. It is insisted that these rulings of the court were improper; because, by the terms of the paper Exhibit A., the sum of money therein stated was to be applied as " an offset to plaintiff's *claims against him, the said Horne,*" and it was shown by the evidence that the plaintiff had a claim against Horne individually, and hence, that the effect of the testimony was to contradict the writing which Wilson had executed, showing how the money was to be applied.

We are inclined to think that the receipt under the circumstances presents a case of latent ambiguity. The argument contained in it is, that the money specified should be good as an offset to the

plaintiff's *claims against Horne.* No particular claim is specified; and although the note sued on is a claim against Horne and Henderson, yet it cannot be said that it would not be embraced under the general description of " a claim against Horne ;" for such it certainly was. As the plaintiff also had another claim against Horne, it was therefore a matter of uncertainty which of the two claims was intended to be credited by the sum stated in the receipt ; and it appears to have been proper to receive evidence of the circumstances connected with the transaction, in order to determine that question.

But it is further insisted, that the evidence showed that the sum mentioned in the paper, was not intended to be credited or applied to the note sued on ; and hence, that the court erred in overruling the motion for a new trial. On the contrary, it is contended that the testimony of Gassaway and the defendant Horne was clear ; that the credit was intended to be applied to the note sued on, and that such was the agreement of the plaintiff and Horne, at the date of the transaction ; and although this is contradicted by the testimony of the plaintiff, yet it was simply a case of conflict of testimony, depending upon the credit to be given by the jury to the witnesses, a matter peculiarly within their province, and to be determined by them.

If the correctness of the verdict depended entirely upon the statements of the witnesses given in evidence to the jury, we would be very loth to say that they had formed an incorrect judgment as to the credit due to the respective witnesses. But there are facts and circumstances in evidence, in addition to the testimony of the witnesses, having an important bearing upon the matter in issue, and tending very clearly, if not conclusively, to show that the sum of money mentioned in Exhibit A. was not intended by the parties to be applied to the credit of the note sued on.

The note sued on is for $3337 50, due 1st January, 1857, and the credits indorsed upon it, and admitted by the plaintiff, amount to $1200 ; and by Exhibit B., filed to the plea, there is admitted to have been paid on the 1st October, 1857, the further sum of $407 30, thus making the sum of $1607 30, admitted to be paid on the note.

It appears by that exhibit, which is stated to be a memorandum of a settlement made between the plaintiff and Horne & Henderson,

up to 1st October, 1857, and which is admitted to have been given to Horne & Henderson at the time of its date, 26th January, 1858; that there was then admitted to be due on the note sued on, a balance of $1900, on the 1st October, 1857. That settlement appears to have been deliberately made, and there is no evidence whatever in the record to show that the admission therein, as to the balance due on the note, was made through mistake. It is not attempted to be explained by the defendants, and for aught that appears, it has the force of a solemn admission by the parties, as to the balance due on the note at the date stated in it; for without clear explanation, it is binding upon the parties.

Now that admission is entirely irreconcilable with the claim, that the sum of $1525, the price of the slaves, was intended by the parties to be applied to the payment of this note. For if it had been, it is incredible that they would not have taken it into the calculation, when they were settling the amount of the balance due on the note. That they did not take it into the calculation is manifest; for, added to the other sums admitted to have been paid, it would have reduced the balance due on the note to a sum a little over $200, instead of leaving due the sum of $1900, as admitted in the memorandum of settlement.

But on the contrary, if the sum of $1525 is excluded, and not applied to the note, the aggregate of the sums indorsed as credits on the note, and the sum acknowledged by this settlement to have been paid 1st October, 1857, deducted from the amount of principal and interest of the note, will leave about the balance due as stated in Exhibit B.

From these facts, it appears to be clear that the parties did not by their acts treat the $1525 as a credit to be applied to this note; but proceeded to ascertain the balance due, excluding that sum from the calculation, and in effect solemnly agreeing that it was not to go as a credit upon the note; and no excuse or explanation whatever is given to destroy the force of these acts.

We, therefore, consider the verdict, allowing this sum as a credit on the note, manifestly against the evidence, and that the court, should have granted the motion for a new trial.

Judgment reversed, and cause remanded for a new trial.